JUDGE FRANK MONTALVO

FILED
2022 JUN -8 PM 4:14
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**JAMES EVERETT SHELTON**

**Plaintiff**

v.

**OMEGA CAPITAL FUNDING INC.**

**Defendant**

Case No. ______________

EP22CV0202

**COMPLAINT:**

Plaintiff, JAMES EVERETT SHELTON, brings this action against Defendant, OMEGA CAPITAL FUNDING INC., and alleges based on personal knowledge and information, and belief, as follows:

**Preliminary Statement**

**1.** As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

**2.** Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that OMEGA CAPITAL FUNDING INC. sent a series of telemarketing calls and text messages for the purposes of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

**3.** Plaintiff never consented to receive any of these phone calls or text messages, which were placed to him for telemarketing purposes.

**PARTIES**

**4.** The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was physically present in the Western District of Texas during all of the phone calls as alleged in this case.

**5.** Defendant OMEGA CAPITAL FUNDING INC. ("Omega" or "Omega Capital Funding") is a corporation organized and existing under the laws of New York, and can be served at its principal place of business located at 100 Park Avenue, Suite 1600, New York, NY 10017. Defendant markets and sells, inter alia, loans and business financing to people in Texas, and engages in telemarketing into this district, as it did with the Plaintiff.

**JURISDICTION & VENUE**

**6.** **Subject-Matter Jurisdiction:** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

7. **Personal Jurisdiction:** This Court has specific personal jurisdiction over the Defendant because they have repeatedly placed calls and text messages to people located in the State of Texas, and derive revenue from Texas residents, and they sell goods and services to people in Texas, including the Plaintiff. This Court has supplemental subject matter jurisdiction over Plaintiffs claim arising under Texas Business and Commerce Code 302.101 because that claim arises from the same nucleus of operative fact, i.e., Defendant's telemarketing calls to Plaintiff; adds little complexity to the case.

**8.** **Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in El Paso County, Texas, and Plaintiff was physically present in the Western District of Texas (in El Paso County) for all calls as alleged in this Complaint. Defendant conducts business in this judicial district by calling people in Texas.

**Statutory Background**

**The Telephone Consumer Protection Act**

**9.** In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do-Not-Call Registry

**10.** The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**11.** The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**12.** The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

**13.** A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016).

**The Texas Business and Commerce Code 305.053:**

**14.** The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

**15.** The Plaintiff may seek damages under this Texas law for violations of 47 U.S.C. § 227 or subchapter A and seek $500 in statutory damages or $1,500 for willful or knowing damages.

**The Texas Business and Commerce Code § 302.101**

**16.** The Texas Business and Commerce code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to people located in the State of Texas. See Texas Business and Commerce Code § 302.101(a).

**17.** The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, as well as court costs, investigation costs, deposition expenses, and witness fees. *See* §302.101(a) and (d).

**18.** Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

**FACTUAL ALLEGATIONS:**

**19.** Defendant provides loans and business financing services to people in Texas and nationwide.

**20.** Defendant routinely violates the TCPA as a part of its business model and knowingly and willfully commits TCPA violations.

**21.** At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (484) 626-3942.

**22.** At all times material hereto, Plaintiff was the subscriber of the telephone number (484) 626-3942 and paid his cell phone bill through T-Mobile.

**23.** All calls to Plaintiff described herein were to that number.

**24.** It has been assigned to Plaintiff since 2014.

**25.** Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

**26.** Plaintiff's phone number is registered with T-Mobile as his personal telephone number and not as a business telephone number.

**27.** At all times material hereto when the calls as alleged in this case were made to Plaintiff, Plaintiff's telephone number was not held out by Plaintiff as the contact telephone number for any business.

**28.** Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

**29.** Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the National Do-Not-Call Registry since June 26, 2015.

**30.** Plaintiff registered his phone number on the Do Not Call Registry in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

31. The Plaintiff has received at least seven (7) telemarketing calls between May 16, 2022 and May 27, 2022 to his cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant.

32. **Call 1:** On May 16, 2022 at 10:39 AM, the Plaintiff received a telemarketing call which displayed on Plaintiff's caller identification as (484) 853-5137.

33. On information and belief, the area code on the caller ID was spoofed or selected by contrivance in order to confuse the Plaintiff about the origin of the call.

34. Plaintiff answered.

35. The caller identified himself as "Brian Mohen" with Omega Capital Funding.

36. Defendant's representative pitched Plaintiff on a business loan.

37. Plaintiff hung up the phone without giving Defendant permission to call back. The Plaintiff told Defendant he would call them back if he had any questions or was interested in the Defendant's services.

38. As a direct result of the first telemarketing call described above, at 10:44 AM, Plaintiff received an e-mail from "Brian Mohen", Brian@omegacapfund.com, an "Account Manager" with Omega Capital Funding, attempting to get the Plaintiff to fill out an application with Defendant for financing. *See* Exhibit "1", a true and correct copy of said e-mail.

39. **Call 2:** On May 16, 2022 at 12:59 PM, Plaintiff received a telemarketing call which displayed on Plaintiff's caller ID as (610) 776-9909.

40. Plaintiff answered and was connected with a male representative who said he was calling with Omega Capital Funding.

41. The call was disconnected after 12 seconds.

42. **Call 3:** On May 16, 2022 at 12:59 PM, Plaintiff received a telemarketing call which upon information and belief was sent by Defendant, which displayed on Plaintiff's caller ID as (610) 422-3525.

43. The call lasted one (1) second.

44. **Call 4 (first text message)**: On May 19, 2022 at 7:47 AM, Plaintiff received a text message from phone number (631) 857-4734. The text message read:

> "Hey James,
> It's Jack from Omega, Get me over the business bank statements for February, March, April, May month to date to Jack@omegacapfund.com. Once those hit my inbox I'll have the proposals generated within 2 hours. Base me on the merit of my offers, I know you're going to be nothing less than impressed."

45. On May 19, 2022 at 10:40 AM, Plaintiff received an e-mail from "Michael Milici", Michael@omegacapfund.com, an "Account Manager" with Omega Capital Funding, attempting to get Plaintiff to send Defendant business bank statements in order for Defendant to provide financing services to Plaintiff.

46. **DNC Request:** On May 19, 2022 at 10:47 AM, Plaintiff responded to Mr. Milici's e-mail and wrote "Can you guys stop calling me, my phone is getting flooded." *See* Exhibit "2".

47. **DNC Request Received & Acknowledged:** On May 19, 2022 at 10:51 AM, Defendant's representative, Mr. Milici, e-mailed Plaintiff acknowledging his Do-Not-Call request, writing "No problem the next time you hear from us we will have 75k for you, we just need the bank statements." *See* Exhibit "3", a true and correct copy of said e-mail.

48. Plaintiff believes, and therefore avers, that Defendant did not train their representatives to honor and abide by DNC requests made by consumers.

49. It is evidently Defendant's business practice to continue placing sales calls to consumers who have already made a DNC request. Such conduct violates the TCPA and its implementing

regulations, 47 CFR § 64.1200(d)(3)(requiring telemarketers to honor and record DNC requests when made).

50. **Call 5 (second text message):** On May 20, 2022 at 9:16 AM, Plaintiff received another text message from phone number (631) 857-4734. The text message read:

> "Hey James,
> It's Jack from Omega. I have absolutely no desire to chase you down, all I need from you are statements for February, March, April, May month to date. Sometime between now and Monday morning send me the statements and Month to date and I'll have it underwritten with offers out in front of you by Lunch Monday. We move fast in this industry, if you aren't really trying to get the 75k for the truck just let me know and we can revisit this when you actually need it."

51. True and correct screenshots of the aforementioned text messages are attached as Exhibit "4 to this Complaint.

52. **Call 6 (third text message):** On Friday, May 27, 2022 at 7:24 AM, Plaintiff received a text message from phone number (848) 248-3345. The text message read:

> "Hey this is Jack from Omega, following up for the business bank statements for February, March, April, May month to date.
>
> Once those hit my inbox (jack@omegacapfund.com) I'll get you into underwriting. It'll take roughly 2 hours to get a proposal in front of you that I know you're going to be nothing less than impressed with."

53. **Call 7 (fourth text message):** On Friday, May 27, 2022 at 7:49 AM, Plaintiff received another text message from phone number (848) 248-3345. The text message read:

> "James I'm not trying to waste my time here, are you still looking for the 75k?"

54. True and correct screenshots of the third and fourth text messages as described above are attached as Exhibit "5" to this Complaint.

55. Table A below is a summary of the phone calls and text messages sent by Defendant to the Plaintiff's cell phone number:

| Call Number | Date: | Time: | Caller ID: | Notes: |
|---|---|---|---|---|
| 1 | 5/16/2022 | 10:39 AM | 484-853-5137 | Telemarketing Call lasted 3 minutes. |
| 2 | 5/16/2022 | 12:59 PM | 610-776-9909 | Call lasted 12 seconds. |
| 3 | 5/16/2022 | 12:59 PM | 610-422-3525 | Call lasted 1 second. |
| 4 | 5/19/2022 | 7:47 AM | 631-857-4734 | Text Message: "Hey James, It's Jack from Omega, Get me over the business bank statements for February, March, April, May month to date to Jack@omegacapfund.com. Once those hit my inbox I'll have the proposals generated within 2 hours. Base me on the merit of my offers, I know you're going to be nothing less than impressed." |
| DNC Request | 5/19/2022 | 10:47 AM | DNC E-mail | DNC Email sent to Michael Milici |
| 5 | 5/20/2022 | 9:16 AM | 631-857-4734 | Text Message: "Hey James, It's Jack from Omega. I have absolutely no desire to chase you down, all I need from you are statements for February, March, April, May month to date. Sometime between now and Monday morning send me the statements and Month to date and I'll have it underwritten with offers out in front of you by Lunch Monday. We move fast in this industry, if you aren't really trying to get the 75k for the truck just let me know and we can revisit this when you actually need it." |
| 6 | 5/27/2022 | 7:24 AM | 848-248-3345 | Text Message: "Hey this is Jack from Omega, following up for the business bank statements for February, March, April, May month to date.<br><br>Once those hit my inbox (jack@omegacapfund.com) I'll get you into underwriting. It'll take roughly 2 hours to get a proposal in front of you that I know you're |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   |   |   | going to be nothing less than impressed with." |
| 7 | 5/27/2022 | 7:49 AM | 848-248-3345 | Text Message: "James I'm not trying to waste my time here, are you still looking for the 75k?" |

**56.** Plaintiff did not want a loan or any financing.

**57.** Defendant did not have the Plaintiff's prior express written consent to send any of these text messages or phone calls.

**58.** Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

**59.** On June 5, 2022, Plaintiff conducted a search for Defendant onhttps://direct.sos.state.tx.us/telephone/TelephoneSearch.asp, and Defendant does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to people in Texas. Plaintiff was physically located in the Western District of Texas at the time of every call as alleged in this case.

**60.** To the extent Defendant contends that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendant can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records

documenting such access. Defendant did not have prior express written consent to such calls from Plaintiff.

**61.** Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**62.** Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

**63.** These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

**64.** Defendant is not an organization exempt from the TCPA.

**65.** Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

**66.** Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

**67.** Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because of the text message and telephone call notifications, and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

**68.** In summary, Plaintiff received seven (7) telemarketing calls from Defendant to Plaintiff's personal, residential cell phone number which is registered on the National Do-Not-Call Registry.

**Defendant Made Telemarketing Calls to Plaintiff without a DNC Policy**

**69.** Pursuant to 47 CFR § 64.1200(d)(1), a telemarketer is required, upon request, to send a consumer a written copy of their company Do-Not-Call Policy.

**70.** Upon information and belief, at all times material hereto, Defendant did not have a "Do-Not-Call Policy" in place.

**71.** On June 5, 2022 at 4:16 PM, Plaintiff emailed Defendant and asked for a copy of their Do-Not-Call policy. *See* Exhibit "6", a true and correct copy of said e-mail to Defendant.

**72.** This e-mail was successfully delivered to Defendant.

**73.** Defendant failed and/or refused to provide a "Do-Not-Call Policy" to Plaintiff.

**74.** Plaintiff avers that this is because Defendant does not have a DNC policy in place.

**75.** All of the calls in this case occurred when Defendant did not have a written policy, available on demand, for maintaining a do-not-call list.

**Violations of the Texas Business and Commerce Code 305.053**

**76.** The actions of the Defendant violated the Texas Business and Commerce Code 305.053 by placing telemarketing calls to a residential phone which violate 47 U.S.C. §227(c). The calls by the Defendant violated Texas law by sending marketing text messages to a residential number on the National Do-Not-Call Registry which violate 47 U.S.C. §227(c)(5) and 47 C.F.R. § 64.1200(d).

**Violations of the Texas Business and Commerce Code §302.101**

**77.** The actions of the Defendant violated the Texas Business and Commerce Code 302.101by placing solicitation phone calls to person physically located in the State of Texas without having a registration certificate and bond on file with the Texas Secretary of State.

**78.** Under Texas Business and Commerce Code § 302.302, Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## Causes Of Action

**Count One:**
(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

**79.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**80.** Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**81.** Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

**82.** Plaintiff was further statutorily damaged because Defendant willfully and/or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

**83.** As a result of Defendant's and Defendant's agent's violations of 47 U.S.C. §227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500.00 in statutory damages, or $1,500.00 if trebled as permitted by statute, for each and every violation, pursuant to 47 U.S.C. §227(c)(3)(F).

**84.** Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Count Two**
(Violation of the TCPA's Implementing Regulations,
"Do Not Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1))

**85.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**86.** Defendant failed and/or refused to provide Plaintiff with a copy of their Do-Not-Call Policy, after Plaintiff requested it in writing on June 5, 2022 via e-mail.

**87.** Defendant sent seven (7) telemarketing calls to the Plaintiff without having a Do-Not-Call Policy or Do-Not-Call procedures in place during the calls.

**88.** As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages, pursuant to the implied private right of action.

**89.** Plaintiff was statutorily damaged one (1) time under 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(d)(1) by the Defendant when they failed and/or refused to provide Plaintiff with a copy of Defendant's Do-Not-Call policy, in the amount of $500.00.

**90.** Plaintiff was further statutorily damaged because Defendant willfully and/or knowingly violated this subsection of the TCPA and its implementing regulations.

**91.** As a result of Defendant's and Defendant's agents' knowing and/or willful violation of 47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $1,500.00 in trebled statutory damages, as permitted under U.S.C. § 227(c)(5) for this willful and/or knowing violation.

**Count Three**

**(Violations of The Texas Business and Commerce Code 305.053)**

**92.** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**93.** The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 305.053, by making non-emergency telemarketing sales calls to Plaintiff's residential and personal telephone number without his prior express consent in violation of 47 U.S.C. §227 et seq. The Defendant violated

47 U.S.C. §227(c) and 47 C.F.R. § 64.1200(d)(3) by calling Plaintiff's number more than two (2) times in a twelve (12) month span for sales purposes, which is on the National Do-Not-Call Registry, and by failing to record and honor Plaintiff's "Do-Not-Call" request.

**94.** Plaintiff is entitled to an award of at least $500 in damages for each such violation. Texas Business and Commerce Code 305.053(b).

**95.** Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing and/or willful violation. Texas Business and Commerce Code 305.053(c).

## Count Four

## (Violations of The Texas Business and Commerce Code 302.101)

**96.** Plaintiff incorporates the foregoing allegations as if set forth herein by reference each and every allegation set forth in the preceding paragraphs.

**97.** The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non-registered solicitation calls to Plaintiff's personal cellular telephone number without his prior express written consent.

**98.** Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing and/or willful violation. Texas Business and Commerce Code 302.302.

**99.** Plaintiff is entitled to an award for all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Everett Shelton prays for judgment against the Defendant as follows:

A. Leave to amend this Complaint to name additional DOES as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violated the TCPA and Texas state law;

C. An injunction enjoining Defendant and its affiliates and agents from engaging in the unlawful conduct set forth herein;

On Count I:

D. For awards of $500 for each negligent violation as set forth in Counts I-II.

E. For awards of $1,500 for each knowing and/or willful violation as set forth in Counts I_II.

On Count III:

F. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

On Count IV:

G. An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: June 8, 2022

James E. Shelton
James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com